UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANI-KING FRANCHISING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4136-B |
| | § | |
| JANI-KING (GB), LTD. and IAN THOMAS, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Jani-King (GB), Ltd. and Ian Thomas's (collectively JKGB or Defendants) Motion to Reconsider Order Granting Summary Judgment (Doc. 151). For the following reasons, Defendants' Motion is **DENIED**.

### I.

### BACKGROUND

Plaintiff Jani-King Franchising, Inc. (Jani-King or Plaintiff) is a commercial cleaning company. Doc. 120, Defs.' Br. in Supp. of Resp. to Mot. Summ. J. ¶ 9 (Defs.' Br. in Supp. of Resp.). JKGB was its regional franchisee in Great Britain, where it licensed "unit franchisees" for Jani-King between 1992 and 2013. *Id.* ¶ 10. The unit franchisees would perform the actual cleaning and janitorial services while Jani-King procured the cleaning contracts. *Id.* ¶ 12. On April 11, 2005 Jani-King and JKGB entered into a Regional Franchise Agreement (Agreement), which governed their relationship between 2005 and 2013. *Id.* ¶ 10. After JKGB stopped making royalty payments as required by the Agreement, Jani-King brought a breach-of-contract claim. Doc. 156, Pl.'s Resp. to Defs.' Mot. to Recons. 2 (Pl.'s Resp.). In response, JKGB asserted multiple counterclaims, but only

its breach-of-contract counterclaim survived long enough for the Court to consider it on summary judgment. Doc. 148, Order 2.

On April 7, 2016, the Court granted summary judgment in favor of Jani-King on its breach-of-contract claim and against JKGB on its breach-of-contract counterclaim. *Id.* at 6–7. Twenty-seven days later, on May 4, 2016, JKGB filed a Motion to Reconsider Order Granting Summary Judgment. Doc. 151. Plaintiff filed a Response (Doc. 156), and Defendants filed a Reply (Doc. 157). Thus, the Motion to Reconsider is ripe for review, and the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but they may be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment or Order. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Whether a motion falls under Rule 59(e) or 60(b) depends on when it was filed. *See id.* In this case, Defendants' Motion to Reconsider was filed less than twenty-eight days after the Court entered its April 7, 2016 Order, so it was timely under Rule 59(e). Fed. R. Civ. P. 59(e) (requiring such motion to be filed "no later than 28 days after the entry of the judgment").

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Rule 59(e) reconsideration does not serve as a "vehicle for rehasing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, it serves to correct a manifest error of law or fact, to account for newly discovered evidence, or to

accommodate an intervening change in controlling law. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). Therefore, it is "an extraordinary remedy that should be used sparingly." *In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012) (quoting *Templet*, 367 F.3d at 479).

## III.

## ANALYSIS

Defendants make the following arguments in favor of their Motion to Reconsider: (1) the summary judgment evidence favored JKGB, as it established Jani-King failed to perform its contractual and implied obligations under the Agreement; (2) Jani-King's summary judgment evidence failed to establish that it complied with three specific sections of the Agreement; and (3) the Court made an error in ruling on JKGB's counterclaim because Jani-King did not move for summary judgment on that ground. Doc. 152, Defs.' Br. in Supp. of Mot. to Recons. ¶¶ 10, 20–21, 25 (Defs.' Br.). The Court now addresses the three arguments below.

A.   *Summary Judgment Evidence Favors JKGB*

JKGB argues that it adequately provided summary judgment evidence that created a genuine issue of material fact as to whether Jani-King performed its obligations under the Agreement. Doc. 152, Defs.' Br. ¶¶ 10, 20.[1] JKGB argues that the language in the Agreement setting forth the obligations of Jani-King is so vague and indefinite that the Agreement could be considered illusory. *Id.* ¶ 14. To save the Agreement from being unenforceable, JKGB argues that an implied covenant must be read in requiring Jani-King maintain the integrity of the Jani-King brand so JKGB could

---

[1] JKGB's Brief in Support of its Motion to Reconsider has two separate arguments about how the summary judgment evidence supports its assertion that Jani-King failed to perform its obligations under the Agreement. Doc. 152, Defs.' Br. ¶¶ 10, 20. One section addresses written provisions in the Agreement and proposed implied covenants, and the other section addresses an implied promise in the Agreement. *See id.* ¶¶ 11, 15, 20. Because of the similarity between the two sections, the Court considers them as a single argument.

profitably sell franchises. *Id.* ¶¶ 14–15. Relying on this proposed implied covenant, JKGB reasons that Jani-King's alleged bad behavior amounted to a breach of the covenant to maintain the integrity of the brand. *See id.* ¶¶ 12–13. JKGB argues that the summary judgment evidence clearly established its argument and thus raised a genuine issue of material fact as to whether Jani-King breached its obligations. *Id.* ¶ 19. Therefore, according to JKGB, the Court should reconsider its ruling. *Id.*

In its Response to JKGB's Motion to Reconsider, Jani-King rejects JKGB's implied covenant theory. Doc. 156, Pl.'s Br. 5. Jani-King asserts that the Agreement is not illusory unless read with an implied covenant because the parties performed under the Agreement for eight years. *Id.* at 6. Jani-King also rejects the necessity of a Motion to Reconsider as JKGB failed to show that the Court committed a manifest error of law with its ruling. *Id.* Jani-King further argues that JKGB's Motion to Reconsider is for the improper purpose of rehashing old arguments as JKGB appears to repeat the same points that it made in its Response to Jani-King's Motion for Summary Judgment. *Id.* at 4. In reply to Jani-King's arguments, JKGB simply restates arguments already made in its Motion to Reconsider and fails to address any of the allegations raised by Jani-King. Doc. 157, Reply to Pl.'s Resp. to Mot. to Recons. ¶¶ 2–7 (Defs.' Reply).

It is improper to use a motion to reconsider for the purpose of rehashing old arguments or evidence that could have been addressed before judgment was entered. *Templet*, 367 F.3d at 479. Here, rather than give new evidence or argue that the Court made a manifest error of law or fact, JKGB simply re-asserts the same arguments it made in its Response to Jani-King's Motion for Summary Judgment. *Compare* Doc. 152, Defs.' Br. ¶¶ 10–19 *with* Doc. 120, Defs.' Br. in Supp. of Resp. ¶¶ 37–49. Indeed, JKGB cites its Response to Jani-King's Motion for Summary Judgment repeatedly throughout its Motion to Reconsider. *See, e.g.*, Doc. 152, Defs.' Br. ¶¶ 14–18, 20. Besides

rehashing old arguments, JKGB runs afoul of the rule disallowing movants to rehash old evidence because its argument relies on evidence already considered by the Court. Thus, it appears to the Court that JKGB is incorrectly using its Motion to Reconsider for the purpose of rehashing old arguments and evidence.

JKGB does devote several parts of its Motion to clarifying aspects of its argument that it believes the Court did not understand. *Id.* ¶¶ 14–18. While this could be seen as JKGB asserting that the Court made a manifest error of law or fact, the Court is not persuaded by JKGB's assertions. While the Court is not convinced that it did misunderstand JKGB's arguments, JKGB's attempted clarifications offer little additional light, and the Court does not find that any minor misunderstandings in JKGB's arguments rise to the level of manifest error. Because JKGB fails to offer new evidence, assert a change in the controlling law, or demonstrate that the Court made a manifest error of law or fact, the Court finds that there is no proper ground to reconsider its finding that the summary judgment evidence brought by JKGB did not create a genuine issue of material fact.

B.   *Jani-King Failed to Establish it Complied with Three Specific Provisions*

JKGB argues that Jani-King's summary judgment evidence failed to establish one of the elements of its breach-of-contract claim—whether Jani-King performed under the Agreement. Doc. 152, Defs.' Br. ¶ 22. More specifically, JKGB alleges that because Jani-King did not establish that it complied with §§ 12.1, 12.2, and 12.3 of the Agreement, summary judgment was improper and the Court should reconsider its ruling. *Id.*

In its Response, Jani-King argues that JKGB simply rehashes the arguments that the Court already considered and rejected. Doc. 156, Pl.'s Resp. 8. Jani-King further argues that JKGB misapplies the summary judgment burdens because Jani-King had to prove only a prima facie breach-

of-contract case for the burden to shift to JKGB. *Id.* Jani-King asserts that there is no authority supporting JKGB's conclusion that Jani-King must specifically account for the performance of each and every provision of the Agreement; rather, Jani-King argues that it produced enough evidence for the burden to shift to JKGB and that it was up to JKGB to present specific facts that would create a genuine issue. *Id.* at 9. In reply, JKGB restated its argument that Jani-King needed to address the obligations imposed by §§ 12.1, 12.2, and 12.3 of the Agreement. Doc. 157, Defs.' Reply ¶¶ 8–10.

Again, JKGB's argument rehashes arguments already made in its Response to Jani-King's Motion for Summary Judgment. JKGB repeatedly cites to its Response to support its arguments in this Motion. Doc. 152, Defs.' Br. ¶¶ 22–23. JKGB specifically addresses one piece of evidence used by Jani-King and argues that this piece of evidence did not address every point that it needed to. Doc. 157, Defs.' Reply ¶¶ 8, 10. By making the same argument and arguing over evidence already considered by the Court, JKGB uses its Motion to Reconsider for improper purposes. JKGB does not argue that the Court's decision was a manifest error of the law or fact. JKGB does not present newly discovered evidence. And JKGB does not assert that there has been a change in the controlling law. As JKGB's arguments are improper and because JKGB presents no ground on which the Court could rely, the Court will not reconsider its decision that Jani-King's summary judgment evidence satisfied its burden.

C.     *JKGB's Counterclaim*

In the Court's Order granting summary judgment, it addressed JKGB's breach-of-contract counterclaim. Doc. 148, Order 6. The Court noted that JKGB's counterclaim was based on the same argument and theory as its defense to Jani-King's Motion for Summary Judgment. *Id.* The Court reasoned that because it found JKGB's defense to be baseless, it had to necessarily grant summary

judgment against JKGB's counterclaim. *Id.* at 8.

JKGB argues that it was improper for the Court to grant summary judgment against JKGB's counterclaim because no motion for summary judgment on the counterclaim was specifically before it. Doc. 152, Defs.' Br. ¶ 25. JKGB reasons that because it was an error to rule on the counterclaim, the Court should reconsider its Order. *Id.*

In its Response, Jani-King argues that the Court properly granted summary judgment *sua sponte* with regard to JKGB's counterclaim. Doc. 156, Pl.'s Resp. 10. As Jani-King sees it, although the Court did not give JKGB notice of its intent to rule on the counterclaim, the lack of notice was harmless because JKGB had no additional evidence to show. *Id.*[2] Furthermore, because JKGB's counterclaim rested on the same argument as its defense to Jani-King's Motion for Summary Judgment, Jani-King asserts that JKGB had the opportunity to fully brief the issue and develop the record. *Id.* Defendant JKGB does not address Jani-King's arguments in its Reply. *See* Doc. 157, Defs.' Reply.

The Court finds that it was not an error to rule on JKGB's counterclaim. Regarding the Court's decision to address the counterclaim, "[d]istrict courts are widely acknowledged to possess the power to enter summary judgment *sua sponte*, so long as the losing party was on notice that she had to come forward with all of her evidence." *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986). Notice maintains the procedural safeguards of Rule 56 of the Federal Rules of Civil Procedure, as it

---

[2] The Court does not reach Jani-King's argument regarding lack of notice and harmless error. The case Jani-King relies on deals with a situation where a court granted summary judgment where neither party had moved for summary judgment or even moved to dismiss. *Leatherman v. Tarrant Cty. Narcotics Intelligence and Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994). Here, Jani-King moved for summary judgment, and as discussed below, JKGB did have notice to present evidence to support the arguments on which its counterclaim was based.

protects the non-moving party and provides them an opportunity to respond and develop the record. *Conley v. Bd. of Trs. of Grenada Cty. Hosp.*, 707 F.2d 175, 179 n.2 (5th Cir. 1983). Therefore, "a district court may not grant summary judgment *sua sponte* on grounds not requested by the moving party." *John Deere Co. v. Am. Nat'l Bank, Stafford*, 809 F.2d 1190, 1191 (5th Cir. 1987). In *John Deere*, the district court granted summary judgment on a theory that was not briefed or argued by either party. *Id.* As the movant did not present the theory in its motion, the non-movant had no notice to present evidence on it. *Id.* Thus, the non-movant was denied the procedural safeguards provided by Rule 56. *Id.*

There are some circumstances, however, where the court's grant of summary judgment *sua sponte* does not implicate *John Deere* in that a non-movant might have sufficient notice of a particular ground or theory relied on by the court. In *United States v. Houston Pipeline Co.*, the Fifth Circuit found that *John Deere* was inapplicable to its review of a district court's grant of summary judgment *sua sponte*. 37 F.3d 224, 228 (5th Cir. 1994). In *Houston Pipeline*, the non-movant's claim for relief was premised on the applicability of a certain case. *Id.* The movant argued that this certain case was no longer good law, but if it was, it was distinguishable from the facts of the case being argued. *Id.* The court agreed with the movant but found the case to be distinguishable for a different reason. *Id.* The non-movant argued that it did not have notice that its theory of the case would arise in the court's ruling on summary judgment. *Id.* The Fifth Circuit determined that because the movant called into question the case on which the non-movant's theory was premised, the non-movant knew that it needed to introduce evidence on that theory. *Id.* Unlike in *John Deere*, where the court relied on a tangential theory that neither party had asserted, in *Houston Pipeline* the court based its ruling on a theory that the non-movant had notice about from the movant's motion. *Id.*

```
```

In *Thomas v. EMC Mortg. Corp.*, the non-movant argued that the court erred by dismissing his claim because the movant did not address that claim in its motion for summary judgment. 499 F. App'x 337, 340 (5th Cir. 2012). The movant's motion for summary judgment, however, did reference the section of the non-movant's petition that contained the claim and it referred to the factual basis of the non-movant's claim. *Id.* Because of these references, the Fifth Circuit was hesitant to even classify the court's decision to rule on that claim as *sua sponte*. *Id.* at 340–41. Even if it could be classified as *sua sponte*, the Fifth Circuit noted that the other party had clear notice to come forward with its evidence based on the movant's motion, so summary judgment was proper. *Id.*

Here, the facts are more similar to *Houston Pipeline* and *Thomas* than to *John Deere*. In its motion for summary judgment, Jani-King asserts that it proved its breach of contract claim. Doc. 113, Pl.'s Br. in Supp. of Mot. Summ. J. 5. Specifically, Jani-King asserts that "Jani-King performed its obligations under the Agreement while it was effective." *Id.* JKGB's breach of contract counterclaim is premised on the fact that Jani-King failed to perform its obligations under the Agreement. Doc. 138, Defs.' 2d Am. Countercl. ¶¶ 30–35. Similar to how the movant in *Houston Pipeline* called into question a basis on which the non-movant's claim was based, Jani-King's assertion that it performed its duties directly calls into question the basis of JKGB's counterclaim. As the non-movant in *Houston Pipeline* should have known to bring evidence, JKGB should have known to bring evidence.

Jani-King is somewhat similar to the movant in *Thomas* because Jani-King addressed the factual basis of JKGB's claim by asserting that it performed its obligations. Jani-King did not, however, go into detail about JKGB's counterclaim. The movant's references in *Thomas* were so clear, though, that they caused the Fifth Circuit to question whether the district court's decision was

even *sua sponte*. Here, even though Jani-King's failure to reference the counterclaim explicitly might make the Court's decision to rule on it *sua sponte*, because the Motion directly contradicted JKGB's counterclaim, JKGB had notice to produce evidence.

Besides the issue of notice, the rationale behind *John Deere* does not apply here because JKGB was not denied the procedural safeguards of Rule 56. Unlike in *John Deere*, where the parties had never argued the theory on which the court based its decision, here, the Court based its decision on arguments made by JKGB in its counterclaim. JKGB has an entire section in its Response Brief titled "Jani-King Has Not Performed under the Contract," which is, at its most basic, JKGB's breach-of-contract counterclaim. Doc. 120, Br. in Supp. of Resp. to Mot. Summ. J. ¶¶ 37–49. Within this section, JKGB makes similar arguments to those made in its counterclaim. In fact, in JKGB's Second Amended Counterclaim, it explicitly references its Response to Jani-King's motion for summary judgment to further explain its theory about implied covenants. Doc. 138, Defs.' 2d Am. Countercl. ¶ 32 n.2. It is clear from this reference that JKGB connected the arguments made in its Response to the ones made in its counterclaim. JKGB took every opportunity to bring evidence regarding its arguments that make up its counterclaim.

Even though Jani-King did not expressly move for summary judgment on JKGB's counterclaim, it was proper for the Court to rule on the counterclaim because Jani-King's Motion for Summary Judgment put JKGB on notice that it would need to produce evidence regarding whether Jani-King performed under the contract. Furthermore, the rationale of providing the non-movant with procedural safeguards does not apply to JKGB because JKGB actually made the counterclaim arguments in its Response to the Motion for Summary Judgment. As it was proper to rule on the counterclaim, there is no clear error of law. Also, JKGB did not bring forth any new

evidence, and there is no change in controlling law. Thus, reconsideration of the Court's grant of summary judgment against JKGB regarding its counterclaim is improper.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion for Reconsideration (Doc. 151).

**SO ORDERED**.

**SIGNED: October 24, 2016.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE