UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JANI-KING FRANCHISING, INC., | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:13-CV-4136-B |
| | § | |
| JANI-KING (GB) LTD. and IAN THOMAS, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the parties' motions for summary judgment. Docs. 179 & 185. For the reasons that follow, the Court **GRANTS** Plaintiff's, Doc. 179, and **DENIES** Defendants', Doc. 185.

## I.

## BACKGROUND[1]

This case arises out of a contract dispute. Plaintiff Jani-King Franchising, Inc (Jani-King) is a commercial cleaning company. In 1992, Defendant Jani-King GB LTD (JKGB) became Jani-King's regional franchisee in Great Britain. Doc. 189, Pl.'s Resp., 2. Its task was to license unit franchisees, entities responsible for doing the actual cleaning.

In April 2005, JKGB and Jani-King entered into an agreement (Agreement) to extend their business relationship to 2029. Doc. 186, Defs.' Br. in Supp., 3. Under the Agreement, Jani-King allowed JKGB to continue operating as its franchisee in exchange for franchisee fees and royalties

---

[1] The facts are derived from the parties' pleadings, summary-judgment briefs, and evidentiary submissions. Unless characterized as a contention by one of the parties, the facts are undisputed.

-1-

(Fees). Defendant Ian Thomas, JKGB's majority shareholder and director, signed a personal guaranty in connection with the Agreement. He promised to pay Jani-King "all monies due . . . under the [Agreement]" if JKGB could not. Doc. 181, App'x to Pl.'s Mot. for Summ. J., 13. JKGB stopped paying its Fees in 2011 and terminated the Agreement in 2014. Doc. 186, Defs.' Br. in Supp., 3–4. Thomas refused to pay the Fees that accrued before JKGB terminated the Agreement. Doc. 189, Pl.'s Resp., 3.

Jani-King brought this breach-of-contract suit against Defendants JKGB and Thomas (collectively Thomas) to recover Fees from October 2011 to January 2014, plus interest. Doc. 189, Pl.'s Resp., 3. In April 2016, the Court granted summary judgment in favor of Jani-King on its breach-of-contract claim and against Thomas on his breach-of-contract counterclaim. Doc. 148, Order, at 6–7. Thomas filed a motion for reconsideration, Doc. 151, which this Court denied, Doc. 160, Order. The Court administratively closed this case after determining that "all claims between all parties ha[d] been adjudicated." Doc. 161, Order. Thomas appealed. Doc. 173, Notice of Appeal. The Fifth Circuit dismissed the appeal for lack of appellate jurisdiction because this Court had not resolved the personal-guaranty claim against Thomas. Doc. 174, J. of Fifth Cir. Thus, this case has been whittled down to one issue: whether Thomas is liable to Jani-King for unpaid Fees that accrued before the termination of the Agreement under the personal guaranty. Both parties have treated this issue in their motions for summary judgment, which are ripe for review.

## II.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A dispute "is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." *Burrell v. Dr. Pepper/Seven Up Bottling Grp.*, 482 F.3d 408, 411 (5th Cir. 2007). And a fact "is 'material' if its resolution could affect the outcome of the action." *Id.*

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). Usually this requires the movant to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). But if the non-movant ultimately bears the burden of proof at trial, the movant may satisfy its burden just by pointing to the absence of evidence supporting the non-movant's case. *Id.* at 322–23.

If the movant meets that burden, then the non-movant must "show with significant probative evidence that there exists a genuine issue of material fact." *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (internal quotation marks omitted). And significant probative evidence is just that: significant. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam). "[M]etaphysical doubt as to material facts," "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla of evidence" will not do. *Id.* (internal citations and internal quotation marks omitted). Rather, "the non-movant must go beyond the pleadings and present specific facts indicating a genuine issue for trial." *Bluebonnet Hotel Ventures, L.L.C. v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014).

To be sure, the court views evidence in the light most favorable to the non-movant when determining whether a genuine issue exists. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000). The

presence of cross-motions does not change this approach: The court will "review each party's motion independently, viewing the evidence and inferences in the light most favorable to the non-moving party." *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001). But it need not "sift through the record in search of evidence to support a party's opposition to summary judgment." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)). Simply put, the non-movant must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports [its] claim." *Id.* If it cannot, then the court must grant summary judgment. *Little*, 37 F.3d at 1076.

## III.

## ANALYSIS

Jani-King argues that Thomas breached his personal guaranty and is therefore liable for JKGB's unpaid Fees. Doc. 180, Pl.'s Br. in Supp., 1–2. Thomas asserts that Jani-King cannot invoke the personal guaranty because it has not mitigated its termination-related damages, which Thomas contends is a condition precedent to enforcement of the personal guaranty. Doc. 186, Defs.' Br. in Supp., 2. Thomas also argues Jani-King cannot enforce the personal guaranty because JKGB's failure to pay the Fees was outside of JKGB's control. *Id.* at 9.

"A guaranty is an undertaking by the guarantor to answer for the payment of some debt . . . of another person in the event of default." *United States v. Vahlco Corp.*, 800 F.2d 462, 465 (5th Cir. 1986). To enforce the personal guaranty, Jani-King must establish "proof of (1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor." *Marshall v. Ford Motor Co.*, 878 S.W.2d 629, 631 (Tex. App.—Dallas,

1994, no writ). Thomas argues Jani-King cannot establish the third element because Jani-King has not fulfilled the mitigation condition and because JKGB's failure to pay the fees was outside of its control. Doc. 186, Defs.' Br. in Supp., 2, 9.

The Texas[2] rules for interpreting personal guaranties are well established. *Resolution Tr. Corp. v. Northpark Joint Venture*, 958 F.2d 1313, 1320 (5th Cir. 1992). When reviewing a personal guaranty, the court's primary goal is to ascertain the parties' intent. *Id.*; *see Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). To do so, the court "analyz[es] . . . the language of the [personal guaranty] itself." *FDIC v. Woolard*, 889 F.2d 1477, 1480 (5th Cir. 1989). If the personal guaranty is "so worded that it can be given a certain or definite legal meaning or interpretation, then . . . the court will construe [it] as a matter of law." *Coker*, 650 S.W.2d at 393. Indeed, personal guaranties must "be strictly construed, and may not be extended beyond [their] precise terms by construction or implication." *Woolard*, 889 F.2d at 1480. But if the personal guaranty is ambiguous, then granting summary judgment for either party is improper. *Id.*

Thomas first argues that Jani-King cannot enforce the personal guaranty because it has not mitigated its termination-related damages, which Thomas argues is a condition precedent to enforcement. Doc. 186, Defs.' Br. in Supp., 8. Although the personal guaranty contains a mitigation condition, it does not apply to this case. The personal guaranty states, "As [a] pre-condition[] to the enforcement of [the personal guaranty] . . . Jani-King must mitigate its losses arising from any

---

[2] The Agreement indicates that disputes regarding the personal guaranty must be resolved under English law. Doc. 181, App'x to Pl.'s Mot. for Summ. J., 16. The parties agree that Texas law and English law do not materially differ when it comes to personal guaranties. *See* Doc. 180, Pl.'s Br. in Supp., 3; Doc. 186, Defs.' Br. in Supp., 2 n.2. The Court agrees, so "there is no need to resolve the choice-of-law question." *Playboy Enters., Inc. v. Sanchez-Campuzano*, 519 F. App'x 219, 225 (5th Cir. 2013) (per curiam).

termination of the [Agreement]." Doc. 181, App'x to Pl.'s Mot. for Summ. J., 15. According to its plain language, the mitigation condition only applies to damages "arising from . . . termination," not to the Fees. Jani-King seeks only the Fees JKGB owed before termination occurred. And the termination-related damages in this case, if any, are unrelated to the damages Jani-King seeks. Thomas's duty to pay the Fees arises from the Agreement, not from a termination thereof. So the mitigation condition does not apply here.

Thomas next argues that Jani-King cannot enforce the personal guaranty because its failure to pay Jani-King the Fees was out of its control. Doc. 186, Defs.' Br. in Supp., 9. Under the personal guaranty,

> Thomas shall not be responsible for guaranteeing . . . any losses, damages, or claims arising out of or in connection with any business failure of [JKGB] . . . which is caused directly or indirectly by . . . any act outside of the control of Thomas and/or [JKGB] which could not be avoided by exercise of due care.

Doc. 181, App'x to Pl.'s Mot. for Summ. J., 15. Thomas asserts that JKGB could not pay the Fees because Jani-King's alleged fraudulent business practices prompted unit franchisees to post negative online reviews about JKGB, which he says caused an eighty-percent decrease in JKGB's revenue. Doc. 186, Defs.' Br. in Supp., 9. Without that revenue, JKGB could no longer afford to pay the Fees. *Id.* And because its revenue reduction was Jani-King's fault, and therefore out of JKGB's control, Thomas argues that he should not be liable for the Fees under the personal guaranty. *Id.*

The Court is not persuaded. This provision creates an exception for "losses, damages, or claims," not for the Fees, which are what Jani-King seeks. The Fees are simply what JKGB promised to pay Jani-King in exchange for Jani-King's permission to operate as its franchisee; they do not constitute "losses, damages, or claims." And even if the Fees could be considered "losses, damages,

-6-

or claims," they did not "aris[e] out of . . . [a] business failure" —they arose out of the Agreement itself.

## IV. CONCLUSION

The Court must enforce the personal guaranty; Thomas is required to pay the Fees because Jani-King has demonstrated that the personal guaranty's conditions to enforcement have been satisfied. *See Marshall*, 878 S.W.2d at 631. Accordingly, the Court **GRANTS** Jani-King's Motion for Summary Judgment, Doc. 179, and **DENIES** Thomas's, Doc. 185.

**SO ORDERED.**

**SIGNED: October 20, 2017.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE